Mr. Justice Smith
delivered the opinion of the court.
It is objected, first, that there was error in the judgment of the court in sustaining the demurrer to the plaintiff’s replication to the second plea. I am clearly of opinion that the replication is not an answer to the plea, and therefore defective, but that the demurrer should have been extended to the first substantial defect in pleading. Gould’s Pleading, chapter 9, sections 36 and 40.
The defect exists in the second plea of defendants, which should *119 have shown the date of the granting of the letters of administration; that there was publication within two months after such date, and that such publication was continued for six weeks successively as by the act directed. The party availing himself of a defence under a statute of limitation, must plead the statute and show affirmatively that he comes within its provisions: There is by statute an exception in favor of executors and administrators, by which it is competent for them to give in evidence under the general issue any special matter of defence. But when an administrator or executor shall prefer to present his defence in the form of a special plea, introducing it under the general issue, he will be held to the strictness of pleading. The first substantial defect existing in the defendant’s plea is, that the judgment of the court would have been respondeat ouster.
The second objection which I shall notice, presents in effect this question, to wit — whether a presentation of a claim against the estate of a deceased person to the executor, without proof or allowance by the probate, as directed in the 90th section of the orphans’ court law, is such a presentation as will prevent the limitation of eighteen months from attaching? The 90th section above referred to does not, as I am disposed to think, in relation to the right to sue, place any restriction or condition on the creditors of deceased persons. Legislatures have ever guarded with great care the rights of minors and the estates of deceased persons. This section would appear tó have this object chiefly in view by laying down a plain rule for the government of the executor in the payment of debts of the deceased. The executor cannot discharge a demand against the estate in his charge, unless it has been proved or allowed by the court, but at his own risk. And if he do, he may be held liable for a misapplication of the assets in his hands. If, on the other hand, he shall, acting in good faith, pay any demands properly proved by affidavit, or allowance, he will in no respect be liable to the representatives of the deceased.
But is this section to be regarded as indicative of the mode in which presentation should be made, of a claim to an executor or an administrator? As before observed this act does not restrict the right of the creditor to sue. This right exists unimpaired up to the end of the eighteen months. ' It is not created "by the act *120 of probating a demand, nor its allowance by the court; the absence of either proof or allowance will not, therefore, take the right of action. It is the want of presentation, which takes away the right of action and bars the claim.
The language of the 115th section, which creates the limitation, does not by any means seem to imply that there is any precedent act required, to make a presentation, by which the administrator is informed of the existence of a debt. The law requiring presentation within eighteen months after the grant of letters, was not intended for the benefit of the estate of a deceased person, so much as to force an early settlement of the estate and to prevent injury to the administrator, and the confusion which might ensue from valid outstanding debts, coming in after settlement.
As the law was made to insure to the executor a knowledge of the outstanding debts, so that he might take his course with the effects of the deceased, which were in his hands; a notice of presentation of the claim against the executor, in such a way as to inform him of its existence, and of the creditor’s right to sue, would be deemed and held amply sufficient. I am, therefore, of the opinion that the amended plea, which avers that the bond declared on by the plaintiff “ was not passed by the orphans’ court of Warren county or proved according to the rule prescribed by the 9th section of the probate court law, and presented to the defendants or either of them within eighteen months after publication of notice,” is defective in substance. The demurrer of the defendants then ought to have been held as attaching to this defect in the plea which was not cured by the plaintiff’s pleading over. The decision should have been upon the demurrer to the plea, which was substantially defective. The court erred in sustaining the demurrer to the plea although it may have been bad; but should have given a judgment of respondeat ouster against the defendant.
I do not deem it necessary to notice any other question presented by the record; as the judgment of the court below must be reversed for the errors above noticed, and a new trial granted with leave to amend the pleadings.
Note. — Sharkev, C. J., having been of counsel for the plaintiff in the court below, gave no opinion.